JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Ronald Tardiff was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), one count of felonious assault in violation of R.C. 2903.11(A)(2), and one count of vehicular assault in violation of R.C. 2903.08(A)(2). Following plea negotiations, Tardiff withdrew his plea of not guilty and pleaded guilty to one count vehicular assault, a fourth-degree felony, in violation of R.C. 2903.08(A)(2). In exchange, the state dismissed the two counts of felonious assault and recommended that Tardiff be sentenced to a one-year term of imprisonment. At the sentencing hearing, the trial court imposed a one-year prison term and a five-year driver's license suspension. The trial court further ordered Tardiff to stay away from the victim. Following sentencing, Tardiff filed a motion asking the trial court to reduce the driver's license suspension to one year. The trial court overruled the motion. Tardiff now appeals.
In his first assignment of error, Tardiff contends that the trial court's imposition of the maximum driver's license suspension was contrary to law because the trial court failed to state its reasons for imposing the maximum suspension. In his second assignment of error, Tardiff argues the trial court erred when it failed to provide its reasons for overruling his motion to reduce his driver's license suspension. Because these assignments are interrelated, we address them together.
Tardiff pleaded guilty to a violation of R.C. 2903.08(A)(2). R.C.2903.08(C)(1) provides that "[w]hoever violates division (A)(2) of this section is guilty of vehicular assault and shall be punished as provided in divisions (C)(2) and (C)(3) of this section." R.C. 2903.08(C)(2) provides that a vehicular assault committed in violation of division (A)(2) is a felony of the fourth degree. Division (C)(2) further provides that "in addition to any other sanctions imposed, the court shall impose upon the offender a class four suspension of the offender's driver's license * * * from the range specified in division (A)(4) of section4510.02 of the Revised Code * * *." R.C. 4510.02 (A)(4) provides the following:
"(A) When a court * * * is required to suspend the driver's license * * * of any offender for a specified suspension class for each of the following suspension classes, the court shall impose a definite period of suspension from the range specified for the suspension class: * * * (4) For a class four suspension, a definite period of one to five years."
Tardiff contends that the trial court's failure to provide reasons for imposing the maximum driver's license suspension and its later failure to provide reasons for overruling his motion to reduce his suspension resulted in the suspension being contrary to law. We disagree.
Here, the trial court was statutorily required to impose a driver's license suspension for a period of one to five years for the vehicular assault. While the statute specifies a specific range for the suspension of an offender driver's license for vehicular assault, it gives the trial court discretion in selecting the exact term of the drivers' license suspension. Tardiff's five-year driver's license suspension was within that statutory range. Moreover, the statute does not require the trial court to provide reasons for imposing a specific period of suspension.[1]
Because the trial court's imposition of the five-year driver's license suspension was within the statutory range, we cannot say that the suspension was contrary to law. We, therefore, overrule Tardiff's first and second assignments of error, and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] We note that the citations in Tardiff's brief are inapposite, as they deal with a trial court's imposition of a maximum prison sentence and not a maximum driver's license suspension.